KING COTTON MILLS, Inc., v. WILSON.

No. 3322.

Circuit Court of Appeals, Fourth Circuit.

Nov. 28, 1932.

Oscar L. Sapp, of Greensboro, N. C. (Armistead W. Sapp, of Greensboro, N. C., on the brief), for appellant.

Luther C. Williams and Thomas C. Carter, both of Burlington, N. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

This action was brought to recover damages for personal injuries received by J. A. Wilson, the plaintiff below, in the operation of a twisting frame in a cotton mill while in the employ of the King Cotton Mills, Incorporated, the defendant. The complaint was that the defendant had negligently failed to provide reasonably safe machinery and appliances for the performance of the duties assigned to the plaintiff, and had failed to inspect the machinery and appliances at reasonable intervals and to keep them in proper working condition. The twisting machine consisted in part of a travis or frame four feet wide and twenty-two feet long, equipped with adjustable weights. Beneath the travis was a pedal or stirrup which would be pushed down by the operator three or four times in the course of a day's work. When the pedal was pushed down to the bottom, it would be caught and held fast by a latch until released by hand. The latch was so placed beneath the machine that it was not visible to the workman. In order to depress the pedal, it was necessary for the operator to step upon it with considerable force, as a pressure of one hundred pounds or more was required under ordinary conditions. For some days before the accident, the plaintiff noticed that the pedal of his machine was hard to operate and that the latch did not always catch. From these circumstances he knew, by reason of long experience with similar machines, that the weights on the frame were not properly balanced. He called the defect to the attention of the head overseer, but it was not remedied, although there was a mechanic in the employ of the defendant whose duty it was to keep the machines in good condition. An operator, such as the plaintiff, was not allowed to make any adjustments to the appliances.

The accident happened at a time when the plaintiff pushed the pedal down. He performed the operation in the usual manner, pushing the pedal to the bottom, but it failed to catch, and came back so forcibly through the operation of the weights when he released the pressure, that he was thrown back against the corner of a steel frame and received substantial injuries. Two or three weeks later, the mechanic examined the latch, found that it was broken and repaired it in the company's shop; and the evidence showed that the same defect existed when the accident occurred.

The issues framed at the trial included negligence on the part of the defendant, and contributory negligence and assumption of the risk on the part of the plaintiff. The defendant moved for a judgment of nonsuit under the North Carolina practice at the conclusion of all the testimony on the ground that there was not sufficient evidence to go to the jury to sustain a verdict of actionable negligence on the part of the defendant; and also asked for an instructed verdict in its favor on this ground, and on the further ground that the injury was the result of an accident for which the defendant was not to blame. But the District Judge ruled against the defendant, and the case was submitted to the jury, which found a verdict on all the issues for the plaintiff. The District Judge charged the jury as to the law applicable to the issues submitted in a manner unobjectionable to the appellant; and its exceptions were confined to the refusal of the court to direct a verdict for the defendant on the grounds above set out. The defendant in this court, apparently for the first time, also assigns as grounds for a directed verdict contributory negligence and assumption of the risk on the part of the plaintiff.

Taking the evidence most favorably to the plaintiff, as we must do in deciding the questions raised, it is clear that the defendant failed to exercise due care to provide a reasonably safe machine for the use of the plaintiff, or to keep it in good repair. The uncontradicted evidence shows that the machine in question was more difficult to operate because of the maladjustments of the weights, and that the latch beneath the frame was broken when the accident occurred. Since the difficult operation of the machine was called to the overseer's attention, and since an inspection would have disclosed the defects as easily at that time as later, the fail-

ure of the defendant to perform the ordinary duties of an employer is manifest. For the same reasons it appears that the plaintiff's injury was not the result of an unavoidable accident for which the defendant had no responsibility.

The closer questions, if it may be assumed that they were properly raised in the court below, are whether the plaintiff was guilty of contributory negligence or assumed the risk of obvious danger. He was, by his own admission, a workman of long experience with machinery of the character used, and he was made aware on the day of the accident by the difficult operation of the apparatus that the weights were not properly adjusted. If there were nothing more in the case, there would be some reason for holding that he was guilty of contributory negligence in making use of a machine which he knew to be in bad condition. The rule is that every person having the capacity to exercise ordinary care for his own protection against injury is required to do so, and, if he fails to exercise such care, and his negligence contributes to the injury complained of as a proximate cause, he may not recover for the damages which he suffers. Washington Mills v. Cox (C. C. A.) 157 F. 634. But in this case the evidence shows that the mere maladjustment of the weights would not result in injury to the operator if he was careful to push the pedal down to the bottom so that it might be caught by the latch; and that the plaintiff at the time of the accident had so operated the device. The broken latch constituted an additional defect in the machine, and the jury would have been justified in believing that the accident would not have happened if the latch had been in safe condition so as to prevent the frame from flying up when the pressure of the operator's foot was lifted. It should be borne in mind that the latch was located beneath the frame at a point where it was not visible to the operator unless he stooped down and looked underneath. It therefore follows that the danger of operating the machine at the time of the accident was not so clearly obvious to the plaintiff as to establish the defense of contributory negligence, and, at most, the question was one for the jury under proper instructions from the trial judge.

Nor would the court have been justified in taking the case from the jury on the ground that the plaintiff assumed the risk. He had some notice, it is true, of the defective adjustment of the machine attributable to his employer's negligence, and dangers resulting therefrom he doubtless assumed; but there is no positive evidence that he knew of the broken latch or that its condition was so plainly observable that he might be presumed to have known of it. Nothing else will establish an assumption by an employee in a case of this kind of the risks arising from an employer's neglect. Gila Valley, G. & N. Ry. Co. v. Hall, 232 U. S. 94, 101, 34 S. Ct. 229, 58 L. Ed. 521; Monongahela West Penn Public Service Co. v. Albey (C. C. A.) 31 F.(2d) 85; James Baird Co., Inc., v. Boyd (C. C. A.) 41 F.(2d) 578; Reading Co. v. Geary (C. C. A.) 47 F.(2d) 142, 148, 79 A. L. R. 226; Steele v. Erie R. Co. (D. C.) 54 F. (2d) 688; Hicks v. Naomi Falls Mfg. Co., 138 N. C. 319, 50 S. E. 703; Pressly v. Dover Yarn Mills, 138 N. C. 410, 51 S. E. 69.

Exceptions were also taken by the defendant to certain rulings of the court upon objections to evidence; but there was no error, and the points involved were not of sufficient importance to warrant further discussion.

The judgment of the District Court is affirmed.